**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. C 05-00946 MJJ |
| Plaintiff, | **ORDER re MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| 1.   $1,379,870.09 SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER W71-223433 IN THE NAME OF EUROPEAN FEDERAL CREDIT BANK; | |
| 2.   $327,544.09 SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER W71-224464 IN THE NAME OF EUROPEAN FEDERAL CREDIT BANK; and | |
| 3.   923,000 UKRANIAN BONDS PLUS INTEREST. | |
| Defendants.                                      / | |

Pending before the Court is Claimant Eurofed Bank Limited's[1] Motion for Summary Judgment (Doc. #32). The Government has filed a Response (Doc. #40), and Claimant has filed a Reply (Doc. #42). Additionally, the Government has filed a Sur-Reply (Doc. #44).[2] For the following reasons, the

---

[1] The Claimant consists of the liquidators of Eurofed appointed by the High Court of Antigua to collect and distribute the assets of Eurofed to the depositors and creditors of the bank and other court-authorized recipients and to liquidate Eurofed. (Motion at 3 n.3.)

[2] The Government did not seek leave of Court before filing its Sur-Reply. *See* Local Rule of Civil Procedure 7-3(d).

Court grants Claimant's Motion as described herein.

## I. Introduction

On January 5, 2005, the Government seized certain funds and share equity ("the defendant funds") on deposit at Bank of America in the name of European Federal Credit Bank (Eurofed).[3] Subsequently, on March 7, 2005, the Government filed a civil Complaint seeking forfeiture of the defendant funds. According to the Complaint, the defendant funds are part of former Ukranian Prime Minister Pavel Lazarenko's fraudulent scheme to obtain monies and property concerning Naukovy State Farm, a Ukranian government enterprise located in Dneproptrovsk, Ukraine, and from extorting Peter Kiritchenko, a Ukranian businessman.[4] According to the Government, in the summer of 1997, Kiritchenko and Lazarenko opened accounts at Eurofed and soon thereafter purchased a majority interest in the bank. The Government alleges that Kiritchenko and Lazarenko then used Eurofed to launder the money illegally obtained by Lazarenko from fraud and extortion. Particularly, the Government alleges that the defendant funds are directly traceable to Lazarenko's illegal activities. It therefore claims that the defendant funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property that constitutes proceeds derived from, traceable to, and involved in money laundering transactions.

## II. Legal Standard

The statute of limitations for forfeiture actions pursuant to 18 U.S.C. § 981 is set by 19 U.S.C. § 1621. *See* 18 U.S.C. 981(d). This section provides: "No . . . forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered, or in the case of forfeiture, within two years after the time when the involvement of the property in the alleged offense was discovered, whichever is later[.]" 19 U.S.C. § 1621.

---

[3] Specifically, the defendant funds consist of: (1) $1,379,879 in funds seized from Bank of America account number W71-223433 (formerly Bank Boston Robertson Stephens account number 44-555647) in the name of European Federal Credit Bank; (2) $327,544.09 in funds seized from Bank of America account number W71-224464 (formerly Bank Boston Robertson Stephens account number 44-949287) in the name of European Federal Credit Bank; and (3) 923,000 Ukranian corporate bonds, further described as EM SOVEREIGN FIN SR NTS REG S, currently maintained in an account at Bank of America Investment Services, Inc., plus any interest derived from these bonds. (Compl. at ¶ 3(a)-(c).)

[4] In June 2004, a jury convicted Lazarenko of 29 counts, including conspiracy to launder the proceeds of foreign extortion, wire fraud, and transportation of stolen property.

III.     Discussion

In its Motion, Claimant argues that the Government learned of the underlying money laundering offenses and the connection of the defendant funds those offenses no later than 1999. Thus, Claimant contends that under either the two-year or five-year limitations period, the Government's civil forfeiture action is untimely.

In its Response, the Government explains that, "[i]n reviewing hundreds/thousands of pages of documents in preparation of a response to Claimant's pending motion, undersigned government counsel discovered evidence that suggests that the government not only became aware of the defendant funds prior to [receiving a December 2003 letter indicating that the funds were on deposit at Quick & Reilly], but also was aware of the underlying offense(s) supporting the basis for forfeiture in 1999, both outside of the applicable statute of limitations." (Resp. at 2-3.) The Government thus concedes that the civil forfeiture Complaint against the defendant funds is time-barred. (*Id.* at 3.) Accordingly, to the extent that Claimant seeks dismissal of this forfeiture action, the Court **GRANTS** Claimant's request.

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Claimant's Motion for Summary Judgment (Doc. #32) as follows: The Government's Complaint is dismissed as untimely.

**IT IS SO ORDERED.**

Dated: October 26, 2005

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE